UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Abubuccar Daffeh,<br><br>                              Plaintiff,<br><br>    — against —<br><br>City of New York, Craig Williams, Connor Convery, and Cassandra Marrero<br><br>                              Defendants. | Case No.<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

1.      This is an action for false arrest, fabrication of evidence, malicious prosecution, and excessive force against New York City police officers that illegally searched Plaintiff, caused him traumatic brain injury, and arrested him to justify their illegal search.

## JURISDICTION AND VENUE

2.      This action arises under 42 U.S.C. §§ 1983 and 1988 in addition to the laws of the State of New York and New York City.

3.      Jurisdiction lies in this Court over claims against employees of … under its federal question and civil rights jurisdiction, 28 U.S.C. §§ 1331 and 1343.

4.      Venue is proper in this Court under 28 U.S.C. § 1391 because Plaintiff's claims arose within the Eastern District of New York.

## PARTIES

5.      Plaintiff, Abubacarr Daffeh, is a resident of the Bronx, New York.

6.      Defendants John Does 1-7 are members of the New York City Police Department ("NYPD"), whose identities are currently unknown. At all relevant times, Defendants were acting under color of state law and within the scope of their employment.

7.      Defendant Connor Convery is a Detective with the NYPD, Shield #17471, who, upon information and belief, participated in the use of excessive force against Plaintiff and falsely accused Plaintiff of actions leading to his arrest.

8.      Defendant Cassandra Marrero is a Police Officer with the NYPD, Shield #22395, who, upon information and belief, participated in the events leading to Plaintiff's unlawful arrest.

9.      Defendant Craig Williams is the officer who authored a false report containing fabricated evidence, leading to Plaintiff's malicious prosecution.

10.      Defendant City of New York is a municipal corporation in the State of New York.

## GENERAL ALLEGATIONS

11.      On or about March 2024, during the evening hours on the first day of Ramadan, Plaintiff left his residence on Chestnut Street in the Bronx to walk to a mosque for prayer.

12.      As Plaintiff reached the corner of Chestnut Street, he encountered two unmarked police cars. Officers in the cars shone a flashlight at him before exiting their vehicles.

13.    Seven NYPD officers surrounded Plaintiff, subjected him to a search, and repeatedly asked invasive and humiliating questions, including what was in his pants.  Plaintiff responded that it was his penis.

14.    During the encounter, Plaintiff observed the officers activating their body cameras. After conducting a search and finding nothing unlawful, Defendant Convery slammed Plaintiff to the ground with excessive force, causing Plaintiff's head to strike the pavement.

15.    Plaintiff suffered significant injuries, including a fractured skull, facial fractures, and internal bleeding, as a direct result of the excessive force.

16.    Plaintiff was not informed of the reason for his arrest at any time before or during his detention.

17.    At the precinct, Plaintiff requested medical care due to his injuries, including dizziness and bleeding. After approximately 30 minutes, an ambulance transported him to Montefiore Medical Center.

18.    While hospitalized, Plaintiff remained handcuffed and under constant police supervision. Despite his condition, no charges were formally explained to him until he was later arraigned.

19.    Defendant Craig Williams authored a false criminal complaint alleging Plaintiff aggressively approached Police Officer Cassandra Marrero while screaming profanities, and resisted arrest, causing injuries to Detective Connor Convery. These allegations were fabricated to justify Plaintiff's arrest and prosecution.

20.     Plaintiff was falsely accused of assaulting Detective Convery and causing his injuries. The charges were ultimately dismissed due to lack of evidence, including camera footage that revealed Plaintiff's recollection of events to be accurate.

21.     As a result of Defendants' actions, Plaintiff sustained severe physical injuries.

22.     Plaintiff also suffers from ongoing physical pain, memory problems, and symptoms of post-traumatic stress disorder (PTSD), including anxiety triggered by police-related stimuli.

23.     Plaintiff required extensive medical treatment, including hospitalization, MRI and CT scans, specialist consultations, and medication for pain management and seizure prevention.

24.     Plaintiff's injuries have resulted in permanent scarring and lasting psychological harm.

### FIRST CAUSE OF ACTION
Excessive Force and Battery
42 U.S.C. § 1983, New York State Law, and New York City Admin Code § 8-801 et seq.
*Against All Defendants*

25.     Plaintiff incorporates by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

26.     Defendants collectively used force against Plaintiff that was unjustified and objectively unreasonable, taking into consideration the facts and circumstances that confronted Defendants.

27.    The types and levels of force Defendants used against Plaintiff were unjustified and objectively unreasonable, taking into consideration the facts and circumstances that confronted Defendants.

28.    As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of his federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

### SECOND CAUSE OF ACTION
Fabrication of Evidence and Denial of the Right to a Fair Trial Under the Fifth and Fourteenth Amendments And 42. U.S.C. § 1983
*Against Defendant Williams*

29.    Plaintiff repeats and realleges each and every allegation set forth above.

30.    At all times, the Defendants were acting under color of State law.

31.    The Fifth and Fourteenth Amendments protect the right to be given a fair trial and not to have false evidence presented against you.

32.    Defendants collectively made false statements in reports provided to prosecutors which led to the prosecution of Plaintiff.

33.    By including false and misleading information about the alleged weapon, Defendants caused Plaintiff to be charged.

34.    By forwarding false information to the prosecutors that was likely to influence a jury verdict, the Defendants deprived the Plaintiff of his liberty and property.

## THIRD CLAIM FOR RELIEF

Malicious Prosecution Under 42 U.S.C. § 1983, New York State Law, and
New York City Admin Code § 8-801 *et seq.*
*Against Defendant Williams and the City of New York*

35.    Plaintiff incorporates by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

36.    Defendants commenced a criminal prosecution against plaintiff by drafting paperwork alleging that Plaintiff committed crimes, they did not have probable cause to believe he in fact committed.

37.    The criminal action terminated in favor of Plaintiff.

38.    Defendants induced prosecutors to include the charge.

39.    Defendants acted with actual malice in that they commenced a criminal proceeding despite the fact they had conducted a thorough investigation that led them to conclude there was no probable cause to make the arrest or charge Plaintiff with any crimes.

40.    Plaintiff suffered a post-arraignment loss of liberty.

## FOURTH CLAIM FOR RELIEF

False Arrest Under 42 U.S.C. § 1983, New York State Law, and
New York City Admin Code § 8-801 *et seq.*
*Against Defendants City of New York, Convery, and John Does*

41.    Plaintiff incorporates by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

42.    Defendants had no judicial warrant authorizing them to seize Plaintiff.

43.     Defendants collectively seized Plaintiff, restricting his freedom of movement, without privilege or lawful justification.

44.     Plaintiff was conscious of his confinements by Defendants.

45.     Plaintiff did not consent to his confinements by Defendants.

46.     It was unreasonable for Defendants to believe that they had lawful cause to seize, detain, or arrest Plaintiff.

47.     Thus, Defendants did not have individualized probable cause to seize, detain, or arrest Plaintiff.

WHEREFORE, Plaintiff John Doe demands judgment against the above-captioned Defendants as follows:

a.  For compensatory damages, jointly and severally, in an amount to be determined at trial, but not less than two million dollars;

b.  For punitive damages, jointly and severally, in an amount to be determined at trial;

c.  For reasonable attorneys' fees, costs, and disbursements, under 42 U.S.C. § 1988 and other applicable laws;

d.  For pre- and post-judgment interest as allowed by law; and

e.  For such other relief as this Court deems just and proper.

Dated:  New York, New York
         January 22, 2025

WERTHEIMER LLC

By: _____
Joel A. Wertheimer
Mara Fleder
14 Wall Street, Suite 1603
New York, New York 10005
(646) 720-1098
mara@joelwertheimer.com
joel@joelwertheimer.com

Ali Najmi
Law Office of Ali Najmi
32 Broadway, Suite 1310
New York, NY 10004
T: (212) 401-6222
ali@najmilaw.com